UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 06-CV-3843 (JFB)

---

JOHN WHALEY,

Petitioner,

versus

HAROLD GRAHAM, SUPERINTENDENT AUBURN CORRECTIONAL FACILITY

Respondent.

---

MEMORANDUM AND ORDER
October 15, 2008

---

JOSEPH F. BIANCO, District Judge:

John Whaley (hereinafter, "Whaley" or "petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in state court. Petitioner was convicted in a judgment rendered on August 9, 2004. Petitioner pled guilty to Attempted Burglary in the Third Degree [N.Y. State Penal Law §§ 110/140.20] and was sentenced to an indeterminate term of incarceration of one and one half to three years.

Petitioner challenges his conviction on the following grounds: (1) the trial court lacked jurisdiction in that the indictment lacked the statutorily required signatures of the foreperson and the District Attorney; and (2) the State failed to charge Whaley in the indictment with the commission of a criminal offense.

For the reasons stated below, petitioner's request for a writ of habeas corpus is denied in its entirety.

I. Background

A. The 2004 Conviction

Petitioner was indicted by a Grand Jury in Suffolk County, New York on October 27, 2003 on one count of Attempted Burglary in

the Third Degree [N.Y. State Penal Law §§110/140.20] and one count of Possession of Burglar's Tools [N.Y. State Penal Law §140.35].[1] On August 9, 2004, petitioner was convicted, upon his plea of guilty, in the Supreme Court of the State of New York, Suffolk County, for the crime of Attempted Burglary in the Third Degree (the "2004 Conviction"). Petitioner was sentenced, as a second felony offender, to an indeterminate sentence of one and one-half to three years.[2]

On October 26, 2004, petitioner moved the Appellate Division, Second Judicial Department, for permission to file a late Notice of Appeal regarding the 2004 conviction. By Decision and Order on Motion dated December 9, 2004, the court granted petitioner's motion. On March 11, 2005, the Appellate Division assigned the Legal Aid Society of Suffolk County to represent petitioner on his direct appeal of the 2004 conviction.

On April 7, 2005, petitioner filed a C.P.L. § 440.10 motion with the Supreme Court of the State of New York, Suffolk County, seeking to vacate the 2003 conviction and the 2004 conviction. On June 17, 2005, the court denied petitioner's motion.

On July 6, 2005, petitioner filed a second C.P.L. § 440.10 motion with the Supreme Court of the State of New York, Suffolk County, seeking to vacate the 2003 conviction and the 2004 conviction. On October 19, 2005, the court denied petitioner's motion. On January 10, 2006, the Appellate Division denied petitioner's application for leave to appeal from that decision.

On November 3, 2005, petitioner filed a third C.P.L. § 440.10 motion with the Supreme Court of the State of New York, Suffolk County, seeking to vacate the 2003 conviction and the 2004 conviction. On January 23, 2006, the court denied petitioner's motion. On April 12, 2006, the Appellate Division denied petitioner's application for leave to appeal from that decision.

On December 13, 2005, petitioner's previously assigned appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in the Appellate Division. On February 23, 2006, petitioner filed a *pro se* supplemental brief in the Appellate Division. Of the two claims he makes before this Court, only his claim regarding the failure of the indictment to identify the crime he intended to commit during the burglary was presented in that brief. On September 13, 2006, the Appellate Division denied petitioner's subsequent request for permission to reply to the brief submitted on June 12, 2006 in opposition to his *pro se* supplemental brief.

---

[1] The Court notes that petitioner was also indicted by a Grand Jury in Suffolk County, New York on August 23, 2002 on one count of Attempted Burglary in the Third Degree [N.Y. State Penal Law §§110/140.20] and one count of Criminal Mischief in the Fourth Degree [N.Y. State Penal Law §145.00]. On February 10, 2003, petitioner was convicted, upon his plea of guilty, in the Supreme Court of the State of New York, Suffolk County for the crime of Attempted Burglary in the Third Degree (the "2003 Conviction"). Petitioner was sentenced to a determinate term of incarceration on that conviction. This Court denied Whaley's petition for a writ of habeas corpus with regards to the 2003 conviction. *Whaley v. Graham*, No. 06 Civ. 3021 (JFB), 2007 WL 708796 (E.D.N.Y. March 6, 2007).

[2] Petitioner pled guilty in satisfaction of the entire indictment to one count of Attempted Burglary in the Third Degree.

2

On April 4, 2006, petitioner sought to relieve the Legal Aid Society of its representation of him and have new counsel appointed. On May 11, 2006, the Appellate Division denied petitioner's request. On July 14, 2006, the New York State Court of Appeals dismissed petitioner's subsequent application for leave to appeal from that decision.

On October 31, 2006, after concluding that "potentially nonfrivolous issues exist with respect to . . . whether [petitioner] was properly adjudicated a second felony offender," the Appellate Division granted petitioner's request to relieve the Legal Aid Society of its representation of him and appointed Steven P. Flaumenhaff, Esq., as his appellate counsel. On November 6, 2006, the Legal Aid Society requested that the Appellate Division reconsider its October 31, 2006 decision on the basis that there is no litigatable issue regarding petitioner's adjudication as a second felony offender. On December 27, 2006, the Appellate Division denied that motion.

On March 22, 2007, Mr. Flaumenhaft, on behalf of petitioner, filed a brief with the Appellate Division raising, among other things, the two claims that are the subject of the instant petition. On October 30, 2007, the Appellate Division affirmed the conviction. *See People v. Whaley*, 44 A.D.3d 1079 (2d Dep't October 30, 2007). On January 28, 2008, the New York State Court of Appeals denied leave to appeal. *See People v. Whaley*, 9 N.Y.3d 1040 (N.Y. Jan. 28, 2008).

### B. The Instant Petition

On August 7, 2006, *pro se* petitioner filed an application before this Court for a writ of habeas corpus dated August 1, 2006, pursuant to 28 U.S.C. § 2254. This petition refers solely to the legality of the 2004 conviction. Specifically, petitioner has raised the following two claims in the instant petition: (1) the Grand Jury indictment was procedurally insufficient by failing to contain the signatures of both the acting foreperson and the District Attorney; and (2) the State of New York has failed to allege a criminal offense in the indictment, thus rendering the indictment jurisdictionally defective. On January 5, 2007, respondent filed his opposition to the habeas petitioner and moved to dismiss the habeas petition. On January 22, 2007, petitioner filed his reply.

On November 20, 2007, the Court ordered the respondent to "advise the Court in a letter by December 7, 2007 of any activity in the state court since January 2007 with respect to petitioner's claims and the status of any pending appeals." The Court also noted that the petitioner had advised the Court that he was now residing in Patchogue and, thus, appeared to be released from custody. Therefore, the Court asked the respondent to "advise the Court in a letter by December 7, 2007 whether there are any parole or supervised release restrictions, or any other remaining restrictions or conditions from the underlying conviction, that continue to be imposed on petitioner."[3]

On December 3, 2007, respondent provided an update to the Court, as requested in the November 20, 2007 Order. By letter

---

[3] The Court inadvertently docketed that Order under petitioner's other case, 06-CV-3021(JFB). Thus, the Clerk of the Court should also docket the November 20, 2007 Order and the respondent's December 3, 2007 letter in this action.

3

dated December 12, 2007, petitioner filed his response to the Court's Order and noted that his conviction had been affirmed by the Appellate Division and that his attorney had filed leave to appeal to the Court of Appeals. As noted *supra*, that application was subsequently denied on January 28, 2008.

II. Discussion

A. Standard of Review

To determine whether petitioner is entitled to a writ of habeas corpus, a federal court must apply the standard of review set forth in 28 U.S.C. § 2254, as amended by AEDPA, which provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2554. "Clearly established Federal law" is comprised of "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Green v. Travis*, 414 F.3d 288, 296 (2d Cir. 2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.*

AEDPA establishes a deferential standard of review: "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams*, 529 U.S. at 411). The Second Circuit added that, while "[s]ome increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Gilchrist*, 260 F.3d at 93 (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)).

B. Mootness

As a threshold matter, although petitioner

satisfies the "in custody" requirement because he was "in custody" at the time his petition was filed, his petition is moot because he has been released and does not allege that he suffers from any ongoing restraints on his liberty.

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on "behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (emphases added). The question presented by this case is whether petitioner's habeas corpus petition asserts claims for which he is "in custody" within the meaning of 28 U.S.C. § 2254. *See Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) (denying a petition for writ of habeas corpus because the petitioner failed to satisfy "in custody" requirement); *see also* 28 U.S.C. §§ 2241, 2254(a); *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) (holding that relief is generally unavailable through a writ of habeas corpus when a petitioner seeks to challenge a prior conviction for which the person is no longer "in custody"). As the Third Circuit has noted, "custody is the passport to federal habeas corpus jurisdiction." *United States ex rel. Dessus v. Pennsylvania*, 452 F.2d 557, 560 (3d Cir. 1971).

Physical confinement is not necessary to satisfy the "in custody" requirement; for example, a petitioner who is on parole or serving a term of supervised release is considered to be "in custody" for purposes of federal habeas corpus statutes. *See Earley v. Murray* 451 F.3d 71, 75 (2d Cir. 2006). The custody requirement is also met where a prisoner attacks any one of a number of sentences, *see, e.g., Peyton v. Rowe*, 391 U.S. 54, 67 (1968), and when a prisoner attacks an earlier conviction, the effect of which was to delay the start of his current unrelated sentence, *see, e.g., Harrison v. Indiana*, 597 F.2d 115, 117 (7th Cir. 1979). Moreover, the Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack *at the time his petition is filed.*" *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (emphasis added). Specifically, the Supreme Court held that even a liberal construction of the "in custody" requirement for purposes of federal habeas relief does not extend to the situation where, at the time the petition is filed, a "habeas petitioner suffers no present restraint from a conviction." *Maleng*, 490 U.S. at 492. "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973). As a result, "its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Id.*

In response to the Court's November 20 Order seeking additional information regarding whether respondent, having been released from prison on the conviction he is now challenging, has any remaining restrictions or conditions from the underlying conviction, the Respondent provided the following information:

> Upon information and belief, the source being the website maintained by the New York State Department of Correctional Services, January

5

3, 2007 was the maximum expiration date of the defendant's indeterminate sentence of incarceration. Since he had not been previously released from custody, either on parole or conditional release, New York State was obligated to so do on that date as that was the date on which his legal obligation to serve the sentenced [sic] imposed in this case ended. Consequently, and as confirmed by Diane Holford, an employee of the New York State Department of Correctional Services, not only is defendant no longer in custody in this case, the sentence imposed upon him has been fully served.

(Respondent's December 3, 2007 Letter, at 3-4.)

In a letter dated December 12, 2007, petitioner submitted a letter in reply to the Respondent's letter. In that letter, petitioner does not dispute that he is no longer in custody, nor does he allege that he is suffering from any current restraints on his liberty. Instead, he argues that, because he was incarcerated on the conviction at the time he filed the habeas petition, he satisfies the "in custody" requirement. (Petitioner's December 12 Letter, at 2.)

The Court agrees with petitioner that, pursuant to *Maleng*, the "in custody" requirement is clearly satisfied because of his incarceration at the time he filed the habeas petition. However, that does not end the inquiry. The Court must still examine whether the petition is moot. *See Sevier v. Turner*, 742 F.2d 262, 269 n.6 (6th Cir. 1984) ("The issues of custody and mootness are distinct.") (collecting cases).

In particular, in *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), the Supreme Court held that petitioner's challenge to the revocation of his parole became moot when he was released at the expiration of his sentence. In dismissing the petition as moot, the Court explained that, even though the district court had jurisdiction at the time the petition was filed because the petitioner was "in custody," his "subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id.* at 7.

Given the Supreme Court's holding in *Spencer*, "'for a Court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition *and* that his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution.'" *Qassim v. Bush*, 466 F.3d 1073, 1078 (D.C. Cir. 2006) (quoting *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) (emphasis in original)). Of course, the fact that a petitioner is released from custody does not necessarily lead to the conclusion that his petition is moot. *See Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) ("Because [petitioner] was in custody when he filed his application for a writ of habeas corpus, his subsequent release from custody does not automatically moot this appeal in the Article III sense."). Instead, a petition is moot after a petitioner's release only if the petitioner does

not continue to suffer from a collateral adverse consequence, in the form of an ongoing restraint on his liberty, resulting from the conviction that is the subject of the habeas petition. *See, e.g., Martina v. Ingham*, No. 94-CV-0371E F, 1998 WL 543562, at *2 (W.D.N.Y. August 21, 1998) ("While the jurisdictional prerequisite that a petitioner be 'in custody' in order to obtain habeas corpus relief is satisfied so long as such petitioner is held by the respondent on the date that his habeas corpus petition is filed, the subsequent release of such petitioner renders the petition moot unless the petitioner continues to suffer 'adverse collateral consequences' resulting from his detention or the order that led thereto.") (collecting cases); *Garcia v. McCoy*, No. 97 Civ. 1131 (JGK), 1998 WL 288625, at *1 (S.D.N.Y. June 2, 1998) ("Since the petitioner in this case has been released from prison, the Court can retain jurisdiction over his application only if Garcia also faces adverse collateral consequences from the conviction for which he was imprisoned.").

Here, it is undisputed that petitioner is no longer in custody. Moreover, he does not allege that he continues to suffer any adverse collateral consequences in terms of continuing restraints on his liberty, such as parole or some form of supervised release. Therefore, although the "in custody" requirement was met at the time of the filing of the petition, the petition must be dismissed as moot because of his release and the absence of any ongoing restraints on his liberty. *See Banks v. Gonzales*, 496 F. Supp. 2d 146, 150 (D.D.C. 2007) (dismissing habeas petition as moot where petitioner had been released after filing of his petition and the "petition does not allege that he is currently subject to any restraints on his liberty and does not allege government actions that are redressable under habeas");

*Mathews v. Hendricks*, No. Civ. A. 04-4033 (AET), 2005 WL 1115967, at *3 (D.N.J. May 6, 2005) (same).

In an abundance of caution, however, the Court also has examined the merits of the petition and concludes, even assuming *arguendo* that the petition was not moot, the claims in the petition are procedurally barred and, in any event, also fail on the merits.

C. Procedural Bar

Respondent argues that the instant petition should be dismissed, or denied in its entirety, because petitioner's claims were not exhausted in state court. However, since the filing of the respondent's opposition, petitioner has submitted his claims to the Appellate Division, which denied these claims as unpreserved for appellate review, and, in any event, to be without merit. Therefore, although petitioner has now exhausted these claims, they are procedurally barred on adequate and independent procedural grounds.

The Supreme Court has held that claims underlying a habeas petition may be procedurally barred from habeas review if they were decided at the state level on adequate and independent procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729-33 (1991). The purpose of this rule is to maintain the delicate balance of federalism by retaining a state's rights to enforce its laws and to maintain its judicial procedures as it sees fit. *Id.* at 730-31.

In particular, the procedural bar applies when a state court's decision contains a "plain statement" that it is relying on an appropriate state law to deny a claim. *Michigan v. Long*, 463 U.S. 1032, 1042 (1983). The Supreme

7

Court has consistently applied the *Long* rule since it was established. *See Harris v. Reed*, 489 U.S. 255, 261 (1989); *see also Ohio v. Robinette*, 519 U.S. 33, 37 (1996); *Pennsylvania v. Labron*, 518 U.S. 938, 941 (1996); *Arizona v. Evans*, 514 U.S. 1, 7 (1995); *Coleman*, 501 U.S. at 723; *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). The rule applies both to substantive and procedural state laws. *See Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985) (applying the *Long* "plain statement" rule to a procedural state law). Further, "the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." *Id.*

Here, both of petitioner's claims in the instant petition were procedurally barred under state law. With respect to petitioner's claim that the indictment is defective because it did not provide notice to petitioner as to what crime he allegedly was to commit during the attempted burglary (which was Point One in his appellate brief), the Appellate Division stated that the argument was "unpreserved for appellate review and, in any event, is without merit." *Whaley*, 44 A.D. 3d at 1080. Similarly, with respect to the claim that the indictment was defective because it did not contain the signature of the foreperson or District Attorney (which was Point Three in his appellate brief), the Appellate Division again found that the claim was "unpreserved for appellate review and, in any event, [is] without merit." *Id.* The fact that the state court not only relied upon a procedural default, but also ruled in the alternative on the merits, does not allow a petitioner to avoid application of the procedural bar under *Coleman*. As the Second Circuit has explained,

> "[F]ederal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim . . . . Thus, even when a state court says that a claim is "not preserved for appellate review" but then rules "in any event" on the merits, such a claim is procedurally defaulted.

*Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005) (quoting *Glenn v. Bartletti*, 98 F.3d 721, 724-25 (2d Cir. 1996)). Thus, in disposing of petitioner's claims, the Appellate Division provided a plain statement that the two claims in this petition were unpreserved for appellate review under established New York law. This Court, therefore, finds that these claims are procedurally barred from federal habeas review.

Once it is determined that a claim is procedurally barred under state rules, a federal court may still review such a claim on its merits if the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice. *Coleman*, 501 U.S. at 749-50 (citations omitted). A miscarriage of justice is demonstrated in extraordinary cases – for example, where a constitutional violation results in the conviction of an individual who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Here, petitioner has not provided a satisfactory explanation for his failure to properly raise these claims in state

8

court under state rules, nor has he demonstrated that a fundamental miscarriage of justice would occur if these claims were not reviewed by the habeas court. Not only is petitioner's application devoid of any claim of actual innocence, but the claims are entirely without merit. Accordingly, petitioner's claims are deemed to be exhausted but are procedurally barred from review by this Court. In any event, assuming *arguendo* that the claims are reviewable, the claims are substantively without merit, as set forth *infra*.

D. Petitioner's Habeas Claims

Even assuming *arguendo* that the petitioner's claims were not moot and not procedurally barred, the claims are without merit and present no constitutional basis for habeas relief.

1. Indictment Lacked Signatures

First, petitioner claims that his indictment was legally insufficient as it lacked the statutorily required signatures of both the foreperson and District Attorney. *See* C.P.L § 200.50(8)-(9). As set forth below, this claim fails to provide a basis for habeas relief.

As a threshold matter, the form of a grand jury indictment is statutorily created, C.P.L. §§ 190 *et seq.*, and such alleged defects in a state grand jury proceeding cannot provide grounds for habeas relief. *See, e.g., Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) (finding that claims brought in a state grand jury proceeding are not cognizable in a collateral attack brought in federal court); *Dwyer v. Duval*, 23 F.3d 394, 394 (1st Cir. 1994) (rejecting habeas claim based on invalidity of a conviction due to lack of seal on indictment); *Norwood v. Hanslmaier*, No. 93 Civ. 3748 (NG), 1997 WL 67669, at *2 (E.D.N.Y. Feb. 11, 1997) (finding that denial of defendant's right to testify in the grand jury and lack of foreperson's signature on indictment did not raise federal constitutional claims). Therefore, in this case, petitioner's assertion that the indictment was legally insufficient for lack of the foreperson and District Attorney's signatures does not present a federal constitutional claim.

Moreover, given petitioner's subsequent guilty plea (which he has failed to demonstrate was not knowingly and voluntarily entered), any alleged defects in the grand jury process cannot serve as grounds for habeas relief.[4] *See, e.g., Whitehurst v. Senkowski*, 485 F. Supp. 2d 105, 117 (N.D.N.Y. 2007) (holding that if a guilty plea is valid, petitioner is precluded "from now challenging the legality of events that occurred prior to the entry of that plea . . . including his habeas claims that the prosecution improperly used statements he made to law enforcement agents to secure the Indictment, or which otherwise argue that the evidence presented to the grand jury to obtain that accusatory instrument was illegally tainted") (citation and quotation marks omitted); *Crispino v. Allard*, 378 F. Supp. 2d 393, 414 (S.D.N.Y. 2005) ("[I]f [petitioner] entered a voluntary, knowing, and intelligent guilty plea, any and all non-jurisdictional defects raised in the indictment are waived.").

Accordingly, the alleged defects in the form of the grand jury indictment does not provide grounds for habeas relief in this case.

---

[4] The petitioner's guilty plea would also preclude habeas review of his second claim regarding the language of the indictment. However, the Court also has reviewed that claim on the merits and finds that there was no constitutional defect in the language of the indictment.

9

### 2. Indictment Failed to Allege a Criminal Offense

Second, petitioner claims that his indictment for the charge of Attempted Burglary in the Third Degree failed to allege a criminal offense in that it did not specifically state which criminal offense the petitioner intended to commit during the attempted burglary. Further, petitioner asserts that the State's failure to allege a particular crime that the petitioner intended to commit during the attempted commission of a burglary created a "jurisdictionally defective" indictment, thus violating his rights under the Due Process Clause of the Fifth Amendment. As set forth below, this also fails on the merits.

As with the form of an indictment, a challenge to the sufficiency of a state indictment is not cognizable on habeas review unless the indictment falls below constitutional standards. *See Walter v. Superintendent*, No. 9:06-CV-0128 (GHL), 2008 WL 4163122 (N.D.N.Y. Sept. 4, 2008) ("Challenges to the sufficiency of a state indictment are not generally cognizable on habeas review.") (collecting cases). An indictment satisfies constitutional standards if "it charges a crime [1] with sufficient precision to inform the defendant of the charges he must meet and [2] with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *See De Vonish v. Keane*, 19 F.3d 107, 109 (2d Cir. 1994) (citation and quotations omitted).

New York State Penal Law §140.20 provides: "A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." N.Y. Penal Law § 140.20. Petitioner's claim that the State failed to allege the particular crime that he intended to commit upon entering the dwelling does not raise a constitutional claim. Under New York Law, a burglary indictment does not have to include the specific crime that defendant intended to commit upon entering a dwelling unlawfully as this is not a material element of burglary. *See De Vonish v. Keane*, 19 F.3d at 109. Furthermore, the State need only prove general criminal intent, which can be inferred from the unlawful entry into the dwelling itself. *Id.* (citing *People v. Mackey*, 49 N.Y.2d 274, 280 (1980)). As in *De Vonish*, the indictment in this case tracked the particular language set forth in the New York burglary statute and identified the approximate time and place that the attempted burglary occurred, thereby meeting the minimum constitutional standards. *See De Vonish*, 19 F.3d at 109. Petitioner's indictment cannot be "jurisdictionally defective" by failing to specify a particular crime that defendant intended to commit during the attempted commission of burglary. This level of specificity is not required by New York law, nor by the Constitution. In short, the indictment is not "jurisdictionally defective" and does not provide petitioner with grounds for habeas relief as there was no denial of due process.[5]

---

[5] To the extent petitioner is seeking to raise arguments concerning any other alleged defects in the indictment, grand jury process, or guilty plea, the Court concludes that he has failed to demonstrate that there are any grounds for habeas relief.

10

## III. Conclusion

For the foregoing reasons, the habeas petition is denied in its entirety. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. §2253(c)(2).

The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: October 15, 2008
Central Islip, New York

\* \* \*

Petitioner appears *pro se*. The attorney for respondent is Thomas J. Spota, District Attorney of Suffolk County, by Marcia R. Kucera, Esq., Assistant District Attorney, Criminal Courts Building, 200 Center Drive, Riverhead, New York 11901.